1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| EVERETT L. SPILLARD, II, | No. 2:20-cv-0705 DB P |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| COSTA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.     Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

**II.    Pleading Requirements**

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

4    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5    Cir. 1989); Franklin, 745 F.2d at 1227.

6         A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

7    which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

8    support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467

9    U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt

10   Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under

11   this standard, the court must accept as true the allegations of the complaint in question, Hosp.

12   Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

13   most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.

14   McKeithen, 395 U.S. 411, 421 (1969).

15   **III.**    **Discussion**

16        Examination of the complaint and review of the Court's docket reveals that the pleading

17   filed in this case on April 4, 2020, is identical to, and thus duplicative of, the complaint filed in

18   Spillard v. Costa, 2:20-cv-0702-CKD, on April 3, 2020. "A complaint 'that merely repeats

19   pending or previously litigated claims'" is subject to dismissal under 28 U.S.C. § 1915(e). Cato v.

20   United States, 70 F.3d 1103, 1105 (9th Cir. 1995) (quoting Bailey v. Johnson, 846 F.2d 1019,

21   1021 (5th Cir. 1988)). "[A] duplicative action arising from the same series of events and alleging

22   many of the same facts as an earlier suit" may be dismissed as frivolous or malicious under

23   section 1915(e).See Bailey, 846 F.2d at1021."Dismissal of the duplicative lawsuit, more so than

24   the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the

25   'comprehensive disposition of litigation.'" Adams v. California Dep't of Health Servs., 487 F.3d

26   684, 692 (9th Cir. 2007) (citation omitted), overruled on other grounds by Taylor v. Sturgell, 553

27   U.S. 880, 904 (2008).To determine whether a claim is duplicative, courts use the test for claim

28   preclusion. Adams, 487 F.3dat 688. "Thus, in assessing whether the second action is duplicative

of the first, [courts] examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." Id. at 689 (citations omitted). "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." Id. at 688 (internal quotation marks and citations omitted).

In both this action and in Spillard v. Costa, 2:20-cv-0702-CKD, plaintiff raises the same claims, against the same defendants, arising out of the same events, and infringing upon the same rights. The complaints are identical, appearing to be photocopies. In addition, the proof of service in both cases reveals that plaintiff submitted his complaint in both actions for service on March 28, 2020. It is unclear why Plaintiff chose to submit two copies of the same complaint. Presumably, this was a mistake. In any event, the Court finds that this case is duplicative of Spillard v. Costa, 2:20-cv-0702-CKD.

**IV.    Conclusion**

Based on the foregoing, IT IS HEREBY ORDERED that plaintiff shall show cause within twenty-one days why this action should not be dismissed as duplicative of Spillard v. Costa, 2:20-cv-0702-CKD. Alternatively, plaintiff may file a notice of voluntary dismissal of this case pursuant to Federal Rule of Civil Procedure 41(a).

Dated:  August 25, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Substantive/spil0705.osc